UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOHN LEWIS GRINDSTAFF | DOCKET NO. 1:25CR30<br><br>**AMENDED FACTUAL BASIS** |

NOW COMES the United States of America, by and through Russ Ferguson, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty pleas that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crimes. The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. On or about February 22, 2024, the defendant, John Lewis Grindstaff, was pulled over in a vehicle by the Avery County Sheriff's Office within the Western District of North Carolina.

2. During the traffic stop, Grindstaff possessed a small quantity of methamphetamine in a finger of a rubber glove in his pocket. The Drug Enforcement Administration laboratory (DEA lab) determined the methamphetamine in Grindstaff's pocket was 100% pure and contained 0.52 grams of actual methamphetamine.

3. In the vehicle, Grindstaff also possessed a larger bag of methamphetamine wrapped up in a jacket in the backseat. The DEA lab determined this methamphetamine was 100% pure and contained 28.21 grams of actual methamphetamine.

4. On or about February 22, 2024, Grindstaff knowingly possessed at least 20 grams of actual methamphetamine with the intent to distribute. The amount of actual methamphetamine that was known to or reasonably foreseeable by Grindstaff, including all relevant conduct, was approximately 30 grams.

5. Also on February 22, 2024, Grindstaff knowingly possessed a Ruger, Charger model, .22 caliber pistol equipped with a silencer, as defined in 18 U.S.C. § 921(a)(25), and which Grindstaff knew to be a silencer. The silencer lacked the legally required manufacturer's marking, identification number, or serial number, and it was not registered to Grindstaff (or anyone else) in the National Firearms Registration and Transfer Record. Grindstaff did not have any firearms registered in the National Firearms Registration and Transfer Record during the relevant time period.

6. The Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) determined the silencer to be in operating condition and capable of diminishing the sound report of a portable firearm, thus satisfying the statutory definition of a "silencer."

RUSS FERGUSON
UNITED STATES ATTORNEY

_____
Annabelle M. Chambers
SPECIAL ASSISTANT UNITED STATES ATTORNEY

Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

_____  DATED: May 19 2025
John Pritchard, Attorney for Defendant

2